UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CECIL ALBERT BATES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:03-CV-507 RM |
| ) | |
| KARLA FOSTER, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Cecil Bates, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana State Prison officials violated his federally protected rights. He subsequently filed an amended complaint. The court court screened the amended complaint pursuant to 28 U.S.C. § 1915A, dismissed several defendants, and allowed Mr. Bates to proceed against Nurse Heather Swistek on his claim that she denied his requests to be seen by a dentist.

Nurse Swistek has filed a motion to dismiss on the question of whether Mr. Bates exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Because Nurse Swistek's motion includes affidavits and other attachments, the court treats her submission as a motion for summary judgment pursuant to FED. R. CIV. P. 56. Mr. Bates has responded to the summary judgment motion. For the reasons that follow, the court grants defendant Swistek's summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that

>no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>      . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Burrell v. Powers, 431 F.3d. 282, 285 (7th Cir. 2005), quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 335.

Although not depriving the courts of subject matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

In support of her summary judgment motion, Nurse Swistek submits the affidavits of IDOC officials Robert Bugher and Barry Nothstine, a copy of the IDOC grievance policy, and a copy of the portions of Mr. Bates's offender file dealing with grievances. These submissions establish that the Indiana Department of Correction had a grievance procedure in effect when the incidents Mr. Bates complains of occurred, and suggest that he filed no grievance dealing with those incidents.

Because the defendant met her initial obligation under FED. R. CIV. P. 56, the burden shifts to Mr. Bates to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he attempted to grieve the alleged denial of medical attention by Nurse Swistek. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Mr. Bates's response to Nurse Swistek's motion asserts that he did file a grievance dealing with denial of medical care. Mr. Bates attaches a copy of Grievance Number 2002-8-109, dated August 14, 2002. This document is also an attachment to Mr. Bates's original complaint.

On the court's copy of the grievance attached to the complaint, the portion of the grievance filled out by Mr. Bates is almost illegible, and the copy submitted

3

in opposition to Nurse Swistek's summary judgment motion is only slightly more readable. From what the court can decipher, this greivance deals with medical care, though it doesn't appear to mention Nurse Swistek by name.

For the purposes of this memorandum, the court will give Mr. Bates the benefit of the doubt, and assume that on August 14, 2002, he filed a grievance dealing with denial of medical treatment, including Nurse Swistek's alleged refusal to schedule him to see the dentist. But this doesn't end the court's inquiry: a prisoner who has not appealed the dismissal of his grievance hasn't exhausted his administrative remedies for purposes of § 1997e(a). Dixon v. Page, 291 F.3d 485, 490 (7th Cir. 2002).

Nurse Swistek's submissions establish that the IDOC grievance procedure contained an elaborate appeals process, requiring inmates to appeal the denial of a stage one grievance through several steps. The grievance Mr. Bates submitted to the court is a stage one grievance that was denied on August 22, 2002. Mr. Bates submitted nothing showing that he appealed the denial of this grievance, nor did he submit an affidavit stating that he appealed the denial of his grievance. Because Mr. Bates has not come forth with admissible evidence that he appealed the unfavorable result of his grievance, he has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow the court to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court GRANTS defendant Swistek's motion for summary judgment (docket #85), and DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: September 1 , 2006

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court